# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL ANDERS,**

      Petitioner

v.                                                          Civil Action No. 5:07cv106
                                                                (Judge Stamp)

**WAYNE PHILLIPS, Warden,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

The petitioner initiated this case on August 20, 2007, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges the Bureau of Prison's decision to transfer him to a halfway house for only the last 10% of his term of imprisonment. On October 16, 2007, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Accordingly, the respondent was directed to show cause why the petition should not be granted.

On November 15, 2007, the respondent filed a Motion to Dismiss the petition as moot. In the motion, the respondent asserts that the petitioner was initially referred for placement in a Community Corrections Center ("CCC") to begin in early November 2007. However, due to the petitioner's poor institutional adjustment and history of violating the conditions of his supervised release, his Unit Team subsequently determined that the petitioner would make a poor candidate for CCC placement. The Unit Team reasoned that if the petitioner could not follow the rules in a structured and controlled environment such as prison, then he was almost certain to violate the rules of a CCC. Thus, the petitioner's Unit Team cancelled his CCC referral.

With this in mind, the respondent argues that the petitioner does not have a liberty interest

in being placed in a halfway house prior to his release. Motion (dckt. 11-2) at 8. Moreover, the respondent argues that the petitioner does not have a right to be transferred to any one facility. Id. In addition, because the petitioner has subsequently been deemed ineligible for CCC placement, the respondent asserts that the issue of whether the Bureau made the petitioner's original CCC referral under the old 10% rule (which has been invalidated by this Court), or pursuant to the five factors set forth in 18 U.S.C. § 3621(b), is a moot point. Instead, the respondent asserts that the BOP's decision to not refer the petitioner to a CCC for any length of time, falls within the BOP's discretion under 18 U.S.C. § 3624.

The petitioner has not filed a reply to the respondent's motion.

On February 20, 2008, the respondent filed a supplement to his motion to dismiss. In the supplement, the respondent asserts that since the filing of this case, the petitioner has been released from custody. Therefore, whether the petitioner is now challenging his original CCC referral date, or the BOP's subsequent decision to not place him in a CCC at all, the Court can no longer award the petitioner any relief. Consequently, the respondent argues that there is no live case or controversy and the petition should be dismissed as moot.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, a review of the BOP's inmate locator[1] confirms that the petitioner was released from

---

[1] See www.bop.gov.

custody on December 20, 2007. Thus, this Court can no longer offer the petitioner any relief related to his CCC placement. For this reason, it is recommended that the respondent's Motion to Dismiss (dckt. 11) be GRANTED and this case be DISMISSED as moot.[2]

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections as set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon this Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985): Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via certified mail.

DATED: February 24, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994). However, I find that neither of these exceptions apply in this case.